Law Office of Rachel S. Blumenfeld PLLC
Proposed Attorney for Debtor and Debtor-in-Possession
26 Court Street, Suite 2220
Brooklyn, New York 11242
Tel: (718) 858-9600
email: rachel@blumenfeldbankruptcy.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re:

                                                             Chapter 11

425 Marcy Avenue LLC,                                       Case No:


                 Debtor and Debtor-in-Possession.
------------------------------------------------------------X


**DECLARATION OF 425 MARCY AVENUE LLC, PURSUANT TO LOCAL RULE 1007-4**

      Aron Lebovits being duly sworn, deposes and says:

      1. I am the owner of the Debtor in the above-captioned case (the "Debtor") and I submit this affidavit pursuant to Rule 1007-4 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York..  It should be noted that Aron Lebovits ("Lebovits") had transferred 49% of the ownership of the Debtor to Ezra Unger ("Unger") on a temporary basis, with the agreement that 49% would revert back to Lebovits for a nominal fee of $100 when a certain project was completed.  Lebovits is therefore the 51% owner and maintains a right of reversion regarding Unger's 49%, which unbeknownst to Lebovits was assigned to Unger based on Unger's fraudulent misrepresentations.  Lebovits takes the position that the 49% should revert back immediately given Unger's fraud and breach of fiduciary duties and breach of contract.

## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-4

**Local Rule 1007-4(a)(i)** *whether the debtor is a small business debtor within the meaning of Bankruptcy Code § 101(51D).*

3.  The Debtor is disputing the mortgages taken out by DW Marcy LLC ("DW") as fraudulent. Despite this contention, the Debtor does not believe it is a "small business debtor" within the meaning of Bankruptcy Code § 101(51D).

**Local Rule 1007-4(a)(ii)** *whether the debtor is a single asset real estate debtor within the meaning of Bankruptcy Code § 101(51B).*

5. The Debtor does not believe that it is a single asset real estate debtor within the meaning of Bankruptcy Code § 101(51B).

**Local Rule 1007-4(a)(iii),** *the nature of the debtor's business and a concise statement of the circumstances leading to the debtor's filing under chapter 11.*

6. It is difficult to summarize the circumstances of the last few years in a concise statement. In short, Unger over a number of years, systematically looted Lebovits' property using a series of fraudulent and forged documents, and operating a sophisticated shell game using a myriad of limited liability companies. Unger preyed on Aron, a baker by trade with little real education, ultimately inducing Aron through lies and manipulation to allow Unger to develop Aron Lebovits' real property, not owned by the Debtor, where Aron owned and operated his neighborhood bakery for many years, formerly located at 415-425 Marcy Avenue, Brooklyn, New York. Loans were issued by DW Marcy to the Debtor without the knowledge and authorization of Debtor's owner Aron Lebovits, Additionally while the Debtor is not an affiliate or partner and has no relationship with Cincinnati Terrace Associates LLC, case number 1-21-41548-ESS ("Cincinnati") it was listed as an 'affiliate', since Unger stole money from the Debtor and put it into the Cincinnati deal.

**Local Rule 1007-4(a)(iv),** *in a case originally commenced under chapter 7, 12 or 13, the name and address of any trustee appointed in the case and, in a case originally commenced under chapter 7, the names and addresses of the members of any creditors' committee elected under Bankruptcy Code § 705.*

7. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**Local Rule 1007-4(a)(v),** *the names and addresses of the members of, and professionals employed by, any committee organized prior to the order for relief in the chapter 11 case, and a description of the circumstances surrounding the formation of the committee and the date of its formation.*

8. Not applicable.

**Local Rule 1007-4(a)(vi),** *with respect to each of the holders of the 20 largest general unsecured claims, excluding insiders and creditors holding priority claims: name, address (including the number, street, apartment or suite number, and zip code, if not included in the mailing address), telephone number, e-mail address, name(s) of person(s) familiar with the debtor's account, amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured.*

9. Not applicable.

**Local Rule 1007-4(a)(vii),** *with respect to each of the holders of the 5 largest secured claims: name, address (including the number, street, apartment or suite number, and zip code, if not included in the mailing address), telephone number, e-mail address, amount of the claim, a description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed.*

10. The largest secured claims are listed in the schedules and are disputed as being secured.

**Local Rule 1007-4(a)(viii),** *a summary of the debtor's assets and liabilities or, in the alternative, a balance sheet reflecting the same.*

11. See Debtor's schedules and petition.

**Local Rule 1007-4(a)(ix),** *the number and classes of shares of stock, debentures, or other securities of the debtor that are publicly held, and the number of record holders thereof, listing separately those held by each of the debtor's officers and directors and the amounts so held.*

12. Not applicable.

**Local Rule 1007-4(a)(x),** *a list of all of the debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity, giving the name, address, and telephone number of each such entity, the title of any proceeding relating thereto, and the court in which it is pending.*

13. As discussed above, Unger has looted and attempted to take control of the Debtor's property and mortgage said property.

**Local Rule 1007-4(a)(xi)**, *a list of the premises owned, leased, or held under any other arrangement from which the debtor operates its business.*

      14. The Debtor owns its premises.

**Local Rule 1007-4(xii)** *the location of the debtor's significant assets, the location of its books and records, and the nature and location of any assets held by the debtor outside the territorial limits of the United States;*

      15.  The books and records of the Debtor are maintained by _____

**Local Rule 1007-4(a)(*xiii*)**, *the nature and present status of each action or proceeding, pending or threatened, against the debtor or its property where a judgment against the debtor or a seizure of its property may be imminent.*

      16. There is a UCC private sale currently scheduled for January 17, 2023 at 10:00 a.m.

for the Debtor's membership interest, and thus the Debtor is being sold.

**Local Rule 1007-4(a)(*xiv*) the names of the debtor's existing senior management, their tenure with the debtor, and a summary of their relevant responsibilities and experience;**

      17.  Not applicable.

**Local Rule 1007-4(a)(*xv*)**, *the estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, partners and members) for the 30-day period following the filing of the chapter 11 petition;*

      18.  Not applicable.

**Local Rule 1007-4(a)(*xvi*)**, *the amount paid and proposed to be paid for services for the 30-day period following the filing of the chapter 11 petition*

      19. Not applicable.

**Local Rule 1007-4(a)(*xvii*)**, *an itemized schedule, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing;*

      20.  Not applicable.

**Local Rule 1007-4(a)(*xviii*)**, *a schedule of the debtor's current insurance policies, including the identity of the insurer, policy period and type of insurance for each insurance policy listed;;*

21. The Debtor is currently insured with Acord Commercial Property Insurance

**Local Rule 1007-4(a)(*xix*),** *a schedule of the debtor's bank accounts, including the name and address of the banking institution where the accounts are held, the name on the account, and the nature of the account for each bank account listed;*

22. Not applicable.

**Local Rule 1007-4(a)(*xx*), such additional information as may be necessary to fully inform the Court of the debtor's rehabilitation prospects.**

23.

### **CONCLUSION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
      January 15, 2023

_____
Aron Lebovits