**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| 425 Marcy Avenue LLC, | ) |  |
|  | ) | Case No. 23-40118-ess |
| Debtor. | ) |  |
|  | ) |  |

---------------------------------------------------------

## NOTICE OF HEARING ON MOTION OF
## <u>UNITED STATES TRUSTEE TO DISMISS CHAPTER 11 CASE</u>

PLEASE TAKE NOTICE that a hearing on the annexed *Motion of United States Trustee To Dismiss Chapter 11 Case* (the "Motion") will take place before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, on November 9, 2023, at 10:30 a.m., or as soon thereafter as counsel can be heard.

PLEASE TAKE FURTHER NOTICE that all hearings before Judge Stong will be conducted by telephone, video or in person, as the Court deems appropriate. For remote hearings, whether telephonic or video, it is not necessary to contact the courtroom deputy to request prior authorization to appear remotely. Whether the hearing is in person or remote, please use eCourt Appearances to register to appear at a hearing. To register, please provide your name, address, e-mail address, telephone number on the hearing date, and the party that you represent, if applicable. Please be sure to register at least two business days before your hearing. For remote hearings, you will receive instructions on how to access the hearing via e-mail two business days before the hearing. On your hearing date, please connect at least ten minutes before your scheduled hearing time and keep your audio and video on mute until your case is called. If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. Alternatively, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. In the event that you are not able to

register online, you may call or email the courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing date Additional information about eCourt Appearances, including a tutorial on how to use the program, is available at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances.

PLEASE TAKE FURTHER NOTICE that any responsive papers must be filed with the Court and served on the United States Trustee at One Bowling Green, Suite 501, New York, New York 10004, to the attention Jeremy S. Sussman, no later than seven (7) days prior to the hearing.

Dated:   New York, NY
         September 14, 2023

**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By:      /s/ Jeremy S. Sussman
         Jeremy S. Sussman, Trial Attorney
         **U.S. Department of Justice**
         **Office of the United States Trustee**
         **Region 2– Brooklyn Division**
         Alexander Hamilton Custom House
         One Bowling Green, Room 510
         New York, NY 10004-1408
         (202) 573-6935

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| 425 Marcy Avenue LLC, | ) |  |
|  | ) | Case No. 23-40118-ess |
| Debtor. | ) |  |
|  | ) |  |

----------------------------------------------------------

## <u>MOTION OF UNITED STATES TRUSTEE TO DISMISS CHAPTER 11</u>

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"),

hereby moves (this "Motion"), pursuant to sections 1112(b) and 105(a) of title 11 of the United

States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), for entry of an order

dismissing the above-captioned Chapter 11 case (the "Bankruptcy Case") of 425 Marcy Avenue

LLC (the "Debtor"), and in support thereof, respectfully submits the *Declaration in Support of*

*Motion of United States Trustee* annexed hereto as <u>Exhibit A</u> (the "Declaration"), and in further

support thereof, respectfully represents as follows:

### PRELIMINARY STATEMENT

1.      This chapter 11 case was filed nearly 7 months ago.  To date, the Debtor has not

filed any monthly operating reports. A debtor-in-possession who elects to file a chapter 11 case

has an affirmative fiduciary duty to file monthly operating reports—that duty includes taking

such steps as are necessary to obtain the information required to prepare and file such reports.

The Debtor's ongoing failure to file monthly operating reports is grounds for dismissal of this

case.

### JURISDICTION

2.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding

is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND[1]

3.        On January 16, 2023, the Debtor commenced this Bankruptcy Case. *See* ECF no. 1.

4.        As of the date hereof, the Debtor has failed to file any monthly operating reports in this Bankruptcy Case. Currently, seven monthly operating reports are past due.

## RELIEF REQUESTED

### I.        Legal Standard.

5.        Section 1112(b)(1) of the Bankruptcy Code provides that, "for cause", on request of a party in interest, after notice and a hearing, and subject to certain limited exceptions, "the court shall convert a case under [Chapter 11] to a case under chapter 7 or dismiss a case under [Chapter 11], whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

6.        Section 1112(b)(4) of the Bankruptcy Code provides a list of sixteen circumstances that each constitute "cause" for conversion or dismissal a Chapter 11 case. *See* 11 U.S.C. § 1112(b)(4). This "list is illustrative, not exhaustive." *C-TC 9th Avenue Partnership v. Norton Co. (In re C-TC 9th Avenue Partnership)*, 113 F.3d 1304, 1311 (2d Cir. 1997). "Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under § 1112(b)." *In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009). The movant bears the burden of demonstrating, by a preponderance of the

---

[1]      The United States Trustee respectfully requests that, in considering the Motion, the Court take judicial notice of docket of the Bankruptcy Case, the petition and any schedules, statements of financial affairs, operating reports and others financial disclosures filed or made by the Debtor in the Bankruptcy Case, all pleadings filed in the Bankruptcy Case including exhibits thereto, and the record of all hearings and meetings conducted in connection with the Bankruptcy Case.

evidence, that such cause exists. *In re Babayoff*, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011); *Taub v. Taub (In re Taub),* 427 B.R. 208, 231 (Bankr. E.D.N.Y. 2010).

7.      Where a court finds the existence of "cause" for converting or dismissing a Chapter 11 case, the court must determine whether conversion of dismissal is in the best interests of creditors and the estate, and then enter an order converting or dismissing the case. Conversion or dismissal is mandatory unless the Court determines that one of the two limited exceptions apply: Under section 1112(b)(1) of the Bankruptcy Code, the court may appoint a Chapter 11 trustee or examiner instead of converting or dismissing a case if the court determines that such interest is the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1). Under section 1112(b)(2), notwithstanding a finding of "cause" for conversion or dismissal, the court may not convert or dismiss if it also finds "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate" and the debtor or any other party in interest establishes that (A) a plan will be confirmed within the timeframes established by the bankruptcy code or within a reasonable period of time; and (B) the "cause" for conversion or dismissal includes an act or omission of the debtor (i) for which there exists a reasonable justification and (ii) that will be cured within a reasonable period of time fixed by the court. 11 U.S.C. § 1112(b)(2).

## II.      Cause Exists for Conversion of Dismissal of this Bankruptcy Case.

8.      The United States Trustee respectfully submits that there is cause for converting or dismissing this Bankruptcy Case, including:

9.      **Failure to File Monthly Operating Reports**. Under section 1112(b)(4)(F) of the Bankruptcy Code, a "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" constitutes "cause"

for conversion or dismissal of a chapter 11 case. 11 U.S.C. § 1112(b)(4)(F). Pursuant to E.D.N.Y. LBR 2015-1, the Debtor is required to file monthly operating reports for each month that the Debtor is in chapter 11. *See* E.D.N.Y. LBR 2015-1. A debtor's failure to timely file monthly operating reports demonstrates a disregard for its responsibilities as a debtor-in-possession. *See In re Marvel Entertainment, Inc.*, 140 F.3d 463, 474 (3d Cir. 1998) (debtors have a fiduciary duty of open, honest and straightforward disclosure to the Court and creditors). The Debtor's failure to fulfill its fiduciary obligations denies creditors access to important financial information regarding the Debtor's financial affairs. "Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of chapter 11 proceeding); *see also In re Roma Group, Inc.*, 165 B.R. 779, 780 (S.D.N.Y. 1994); *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for ten months warranted conversion or dismissal). The Debtor's failure to file monthly operating reports has deprived the Court, the United States Trustee and creditors of the ability to adequately monitor this case. The United States Trustee respectfully submits that the Debtor's failure to file monthly operating reports constitutes cause for conversion or dismissal of this Bankruptcy Case.

### III.    Bankruptcy Case Should be Dismissed.

10.    This case was filed to address, among other things, ongoing disputes among the debtor's purported owners and secured creditor over who owns and controls the debtor and the validity of a pledge of the debtor's equity as collateral for the secured creditor's claims. The United States Trustee respectfully submits that those disputes are best resolved among the parties, or in state court, rather than by a chapter 7 trustee. Accordingly, dismissal of this case rather than conversion to chapter 7 is in the best interest of creditors and the estate.

## NO PRIOR REQUEST

11.     No prior motion for the relief requested herein has been submitted to this or any other court.

## NOTICE

12.     The United States Trustee will serve notice of this Motion upon the Debtor, Debtor's counsel and all creditors listed on the mailing matrix prepared by the Debtor. The United States Trustee respectfully submits that such notice is appropriate and sufficient under the circumstances, and that no other or further notice is necessary or required.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit B, (i) dismissing this Bankruptcy Case or, in the alternative, converting the Bankruptcy Case to a case under chapter 7, and (ii) granting such other and further relief as is just.


Dated:   New York, NY
           September 14, 2023

          **WILLIAM K HARRINGTON**
          **UNITED STATES TRUSTEE, REGION 2**

          By:    /s/ Jeremy S. Sussman
                 Jeremy S. Sussman, Trial Attorney
                 **U.S. Department of Justice**
                 **Office of the United States Trustee**
                 **Region 2– Brooklyn Division**
                 Alexander Hamilton Custom House
                 One Bowling Green, Room 510
                 New York, NY 10004-1408
                 (202) 573-6935

**Exhibit A**

**Declaration in Support of Motion**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------
                                                    )
In re:                                              )          Chapter 11
                                                    )
425 Marcy Avenue LLC,                               )
                                                    )          Case No. 23-40118-ess
                                    Debtor.         )
                                                    )
---------------------------------------------------------

<u>**DECLARATION IN SUPPORT OF MOTION OF UNITED STATES TRUSTEE**</u>

Jeremy S. Sussman hereby declares as follows:

1.      I am a trial attorney for William K. Harrington, United States Trustee for Region

2 (the "United States Trustee").

2.      I submit this Declaration in support of the motion of the United States Trustee to

dismiss the above-captioned Chapter 11 case (the "Bankruptcy Case") of 425 Marcy Avenue LLC

(the "Debtor").

3.      The Debtor commenced this Bankruptcy Case on April 19, 2021. *See* ECF no. 1.

4.      To date, the Debtor has not filed any monthly operating reports in this Bankruptcy Case.

5.      As of the date hereof, seven monthly operating reports a past-due.

***I declare under penalty of perjury that the information contained in this Declaration is true and correct to the best of my knowledge.***

Dated:   New York, NY
         September 14, 2023


By:                      /s/ Jeremy S. Sussman
                         Jeremy S. Sussman, Trial Attorney
                         **U.S. Department of Justice**
                         **Office of the United States Trustee**
                         **Region 2– Brooklyn Division**
                         Alexander Hamilton Custom House
                         One Bowling Green, Room 510
                         New York, NY 10004-1408
                         (202) 573-6935

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
\---------------------------------------------------------
)
In re:                                                      )          Chapter 11
)
425 Marcy Avenue LLC,                         )
)          Case No. 23-40118-ess
Debtor.          )
)
\---------------------------------------------------------

## ORDER GRANTING MOTION OF
## <u>UNITED STATES TRUSTEE TO DISMISS CHAPTER 11 CASE</u>

Upon the motion (the "Motion") of William K. Harrington, United States Trustee for

Region 2 (the "United States Trustee"), pursuant to sections 1112(b) and 105(a) of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), for entry of

an order dismissing the above-captioned chapter 11 case (the "Bankruptcy Case") of 425 Marcy

Avenue LLC (the "Debtor"); and the Court having found that appropriate notice of the Motion

was given and no other or further notice was required under the circumstances; and the Court

having conducted a hearing on the Motion; and objections to the relief sought in the Motion, in

any, having been overruled or withdrawn at the hearing; and the Court having found that cause

exits for converting the Bankruptcy Case to a case under chapter 7 or dismissing the Bankruptcy

Case; and the Court having found that dismissal of this case is in the best interests of creditors

and the estate; now therefore it is hereby

ORDERED, that, pursuant to 11 U.S.C. § 1112(b), the Bankruptcy Case is dismissed; and

it is further

ORDERED, that, within ten (10) days of the date of entry of this order, the Debtor shall

pay to the United States Trustee the appropriate sum required, if any, pursuant to 28 U.S.C. §

1930 and simultaneously provide to the United States Trustee an appropriate affidavit

indicating the cash disbursements, if any, for the relevant period.