**LAW OFFICE OF RACHEL S. BLUMENFELD PLLC**
26 Court Street, Suite 2220
Brooklyn, New York 11242
Telephone: (718) 858-9600
RACHEL BLUMENFELD
*Proposed Counsel for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:                                                                    Chapter 11

425 MARCY AVENUE LLC,                                     Case No: 23-40118-ess

                       Debtor.

---------------------------------------------------------------X

## REPLY OF DEBTOR 425 MARCY AVENUE LLC TO MR. ROSEN'S OPPOSITION TO THE OFFICE OF THE UNITED STATES TRUSTEE'S MOTION TO DISMISS

      Rachel S. Blumenfeld, a member of the bar of the State of New York, duly admitted to practice in federal courts, hereby affirms the following to be true:

      1. This opposition is not filed as an objection to the Office of the United States Trustee's Motion to Dismiss, but in response to Avrum Rosen Esq., false and/or misleading statements.

      2. In various points of Mr. Rosen's Opposition (the "Rosen Opposition"), he attacks Aron Lebovits ("Aron") and myself as proposed counsel to the Debtor.

      3. Since true ownership of the Debtor by Aron was discussed at length in our Opposition [*See* ECF Docket No. 28], and at other points during this case, the undersigned will not waste this Court's time responding to Mr. Rosen's wrongful accusations that the Debtor did not have the authority to file this case. Additionally, while Mr. Rosen complains that the case was improperly filed, he is now in fact fighting to keep the case going.

      4. Mr. Rosen argues that Aron has done 'nothing' in this case (*See* Rosen Opposition Page 6 ¶ 11). On the flip side, Mr. Rosen admits that "[a]ll of the parties stood down and

participated in good faith" mediation (*See* Rosen Opposition page 6 ¶ 10). Mr. Rosen's assertions are blatantly wrong and misleading.  He fails to notify the Court that Aron has done the following in this case on behalf of the Debtor:

- Prepare bankruptcy petition and schedules; Rule 1007 Affidavit; Corporate Ownership and Corporate Resolution [ECF Docket No. 1, 2, 3, 4, 5].

- Prepare and file a Motion to Set Last Day to File Proofs of Claim [ECF Docket No. 11].

- File an Objection to DW Marcy LLC's Motion to Dismiss the Case, or in the alternative Designating the Debtor as a Single Asset Real Estate [ECF Docket No. 28].

- Appear with Aron at the  Initial Debtor Interview ("IDI").  Prior and subsequent to the IDI, the undersigned was in communication with the analyst, responding to requests for documents, etc, including attempting to provide the UST with insurance.

- Appear with Aron at the 341 meeting of creditors.

- Prepare Retention Documents for Counsel for the Debtor.[1]

- Prior to Court ordered mediation, the undersigned attempted several times to have substantive conversations with counsel for DW Marcy to see if this matter could be settled.

- Fully participated in approximately *7 months* of Mediation which began approximately on March 16, 2023 [ECF Docket No. 35].  Appeared at two full days of mediation (zoom and in person); responded to numerous phone calls; emails etc related to mediation; prepare and submit a mediation statement to the mediator.

5.  Mr. Rosen goes further to take this opportunity in his 'late response'  to attack my retention documents.  It should be noted that Mr. Rosen appeared in this case about 8 months ago, on or about March 8, 2023 [See ECF Docket No. 32].  However, Mr. Rosen has yet to file any retention documents for the Debtor.   Additionally, the undersigned does not believe that there is any place in any of Mr. Rosen's filings that he has disclosed as proposed Debtor's counsel for the last 8 months how much he has been paid, or how much he is being paid, nor who paid him, or when he was paid.

---

[1] The undersigned stopped pursuing her retention after the Office of the UST stated there could not be competing retentions of counsel for the same Debtor.

6. On or about September 14, 2023, approximately two (2) months ago, the Office of the United States Trustee filed its Motion to Dismiss (the "UST Motion to Dismiss") [*See* ECF Docket No. 50]. The Certificate of Service filed by the Office of the United States Trustee states that Mr. Rosen was served "on or prior to September 15, 2023" at: Avrum J Rosen, Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York 11743-3463.

7. It was not until November 7, 2023, two months after the UST Motion to Dismiss, and *two days* before the hearing on the UST's Motion to Dismiss, that Mr. Rosen filed his Opposition [*See* ECF Docket No. 60].

8. When convenient, Mr. Rosen argues that "all litigation in this matter was on "hold" while the mediation was in progress" [Rosen Opposition P. 1). Yet Mr. Rosen conveniently holds Aron to a different standard of having done 'nothing' during this case.

9. Mr. Rosen takes a lot of liberties in his Opposition, as he has done throughout this case. In fact, he proposes to have knowledge as to what the undersigned had knowledge of in filing this case. (*See* Rosen Opposition Page 4 ¶ 3).

10. If this filing was in fact a 'nullity' (*See* Rosen Opposition page 4 ¶ 4); an "unauthorized petition" (*See* Rosen Opposition page 5 ¶ 7); and "further problem" (*See* Rosen Opposition page 5 ¶ 8) it is unclear why Mr. Rosen is fighting to keep the case open. Perhaps if Mr. Rosen re-filed the case, he would not have the authority to do so on behalf of his client? The undersigned is also unsure how 415 Marcy, a non-Debtor, can authorize the ratification of this filing? Or how 415 Marcy can authorize the retention of Mr. Rosen as counsel for this Debtor?

11. Finally, Mr. Rosen's Opposition states that

"[t]he undersigned requested copies of the bank statements so that the MOR's could be prepared and filed. After an email exchange between all the parties, Ms. Blumenfeld has refused to turn them over…" [Opposition page 6 paragraph 11].

Mr. Rosen neglects to inform the Court that he first requested these banks statements via email on *Monday, November 6, 2023 at 4:03 p.m.* Any allegations made by the Mr. Rosen that the undersigned has "refused" to turn over bank statements are denied.

Dated: Brooklyn, New York
       November 8, 2023

                                       Respectfully submitted,
                                       Law Office of Rachel S. Blumenfeld

                            By:   */s/ Rachel S. Blumenfeld*
                                       Rachel S. Blumenfeld (RB-1458)
                                       26 Court Street, Suite 2220
                                       Brooklyn, NY 11242
                                       Tel: (718) 858-9600

                                       *Proposed Counsel to the Debtor and Debtor in Possession*